**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| RAY HURT,<br><br>　　Plaintiff,<br><br>　　v.<br><br>INDIVIDUALLY AND AS A WHOLE<br>　EVERY PUBLIC MEDIA<br>　ESTABLISHMENT OF THE USA,<br>RANDOM HOUSE PUBLISHING GROUP,<br>FOX (TELEVISION CORP.),<br>ABC (TELEVISION CORP.),<br><br>　　Defendants. | Civil Action No.:  PX-21-506 |

**MEMORANDUM OPINION**

Plaintiff Ray Hurt, an inmate confined to North Branch Correctional Institution, filed a complaint on February 24, 2021, together with a Motion to Proceed in Forma Pauperis. ECF No. 2. The in forma pauperis motion shall be granted. However, for the reasons discussed below, the Complaint must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

The Complaint avers that all public media outlets generally have barred "white male models, as well as white male actors . . . from entering into fields depicting white males as qualifying to be assertive (and then simultaneously morally upstanding) vis a vis black males." ECF No. 1 at 6. The Complaint further excoriates racism in American culture while averring that "public media has mathematically deduced that whites are stealing or mishandling in some obscure and never clearly articulated way, the well being of non-whites." *Id*. Hurt asks that the Court order injunctive relief "in direction of polar opposing (sic) the entire issue" described in his Complaint. *Id*. at 7.

28 U.S.C. §§ 1915(e)(2)(B) and 1915A require that this Court, upon review, dismiss any allegation that (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  Where, as here, a complaint does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face[,]'" the claim fails as a matter of law.  *Ashcroft v. Iqbal,* 556 U.S. 662, —, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).  Moreover, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Viewing the Complaint generously, it simply does not state a legally cognizable claim.  Instead, the Complaint describes general racial unrest in society and lays blame for such unrest at the feet of the media. The Complaint also does not include a short, plain statement of how defendants have harmed Hurt in any manner that makes plausible a cause of action. *See* Fed. R. Civ. P. 8(a)(a pleading must include "(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ").  Nor does the Complaint put the defendants on "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N. A*., 534 U.S. 506, 512 (2002) (internal quotation marks omitted).  Thus, the Complaint must be dismissed.

Because Hurt proceeds in forma pauperis, the Court warns him that the right to pursue relief in federal court at public expense will be greatly curtailed if he maintains three actions or appeals dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i) or (ii) and 1915A(b)(1).  Specifically, if he

has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," he will not be permitted to file future action unless he either pays the full filing fee or establishes that he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  Dismissal with or without prejudice for any of the grounds enumerated in 28 U.S.C. §§ 1915(e)(2)(B)(i) or (ii) constitutes a "strike" under the Act.  *Lomax v. Ortiz-Marquez*, _U.S._, 140 S.Ct. 1721, 1724 (2020), *see also* 28 U.S.C. § 1915(g).

The Complaint is dismissed with prejudice for failure to state a claim because the deficiencies in pleading are not capable of correction by amendment.  This dismissal, therefore, constitutes a "strike" under 28 U.S.C. § 1915(g).  A separate order follows.

|  |  |
|---|---|
|     3/3/21 |     /S/ |
| Date | Paula Xinis |
|  | United States District Judge |